## BAILEY *et al. v.* SUNDBERG.[1]

*(District Court, S. D. New York.* January 14, 1891.)

1. ADMIRALTY—STIPULATION FOR VALUE—BOND TO MARSHAL—NOTICE.
   A bond to the marshal, under the act of 1847, unlike a stipulation for the value of the vessel, does not necessarily afford security to other creditors than the libelant in the particular suit. When such bond is given, and no legal notice to creditors is published, *quære* whether the doctrine of *quasi* parties or privies, as to a suit *in rem*, could be applied to persons other than the actual parties to the record.

2. SAME—LACHES—SUIT BARRED.
   Where insurers had full notice of a suit to determine the liability of a vessel for a collision, and were virtually represented in it, and abstained from formally join-

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

ing in the litigation for nearly six years, and until a decision had been reached on appeal, *held*, that such abstention from joining in the litigation should debar the insurers from any right to revive the same litigation *de novo*.

In Admiralty. On exceptions to the amended libel. For former report, see 43 Fed. Rep. 81.

*George A. Black*, for libelant.

*Goodrich, Deady & Goodrich*, for respondent.

BROWN, J. After the decision of the court sustaining the plea of *res judicata* interposed by the defendant to the second amended libel in the above case, (43 Fed. Rep. 81,) the libelant again amended his libel upon leave granted pursuant to rule 51 of the supreme court in admiralty, "so as to confess and avoid or add to the new matter set forth in the answer." The new matter thus pleaded in the third amended libel alleges, in brief, (1) that the defendant, Sundberg, was not master when the Newport was libeled in the original action; (2) that the original libel was for damages to the schooner John K. Shaw only; (3) that, on the day following the issuing of process in the original action, a bond to the marshal was given under the act of March 3, 1847, (Rev. St. § 941,) and that the vessel on the same day was discharged from custody; (4) that no publication of the process or citation was ever made in the original action, nor proclamation, nor default taken on the return-day thereof; (5) that, by amendment, additional claims for personal effects were subsequently included in the original action, and an additional bond to the marshal for $3,000, by consent, ordered and given. The present defendant excepts to these new allegations as immaterial and insufficient.

The libelant's exceptions to the former plea admitted, for the purpose of the hearing, the truth of the matter pleaded. Among the matters so pleaded was the statement that in the former action the steam-ship had been attached by the marshal under process, and a stipulation for value given therein. Such a stipulation is in accordance with the ancient practice of courts of admiralty, and represents the vessel by placing within the power of the court her whole value for the benefit of any who may intervene in the original suit. The previous decision was made upon the assumption that such were the proceedings in the former suit; so that any other person damaged by the same collision could, upon intervention, have the benefit of the stipulation up to the value of the vessel. By the exceptions to the new matter, it is now admitted that no such stipulation was given, but only a bond to the marshal, under the act of 1847, which provided only for double the amount of the particular claim in suit. As the amount of such a bond is not fixed with any reference to the amount of other claims or the value of the vessel, it cannot be deemed given for the benefit of all up to the full value of the vessel, like the ancient stipulation for value, or fully to represent the vessel; nor is there any means of compelling further security in favor of additional libelants, except upon a further arrest of the vessel, which would be impracticable when the vessel is beyond the jurisdiction. As

the bond to the marshal does not necessarily and in effect afford any security to other creditors, and the vessel is thereupon discharged, and as no legal notice was published affecting anybody, I doubt whether the doctrine of *quasi* parties or privies, as to a cause *in rem*, could be properly applied to the insurers in this case, who were not actual parties to the former record. In *Gelston* v. *Hoyt*, 3 Wheat. 246, 271, a stipulation for value was given. It is not denied, however, that the insurers had full, actual notice of the former suit. There can be little doubt that they were virtually represented in it, so far as they desired to be represented. An additional bond was voluntarily given by the vessel for $3,000 when additional claims for personal effects and new parties were brought in; and there is no reason to suppose a like additional bond would not have been given for the insurers, had they desired to have their claim secured in the same suit. Their abstention from joining in the cause, in a formal manner, for nearly six years, ought therefore to be regarded as a voluntary one, as stated in the former decision. This, without reference to the other points, ought, I think, for the reasons in that respect stated in the former decision, to debar the insurers in admiralty, after so long a period, and after the close of the former litigation, from any revival of the same litigation *de novo*.

The other points raised seem to me immaterial, or to have been previously considered. The new matter is therefore held insufficient to sustain the libel.